```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANIE LEIGH FOSKEY, III,        )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civil Action No. 05-1566
                                )
JEFFREY A. BEARD, HARRY WILSON, )
CAROL SCIRE, DANIEL E. HOOPER,  )
                                )
          Defendants.           )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is recommended that the Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Manie Leigh Foskey, III, (Doc.28) be denied.

#### II. REPORT

The Petitioner, Manie Liegh Foskey, III ("the Petitioner" or "Foskey"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He alleges in his Complaint that a book entitled "One Man Out," which he identifies as a guide to protecting his property interests under the Uniform Commercial Code, was seized from his cell and has been declared contraband by the Department of Corrections. Foskey claims that the seizure of his book is a violation of his constitutional rights and that the regulations which prohibit him from possessing the book are arbitrary and vague. He seeks redress pursuant to 42 U.S.C. § 1983.

Foskey has filed a motion seeking a Temporary Restraining Order and/or a Preliminary Injunction. At issue is his "single cell" of "Z-code" status at the State Correctional Institution at Fayette ("SCI-Fayette"). He asserts that he has been provided a single jail cell since his incarceration began; his "Z-code" status, however, was taken away from him in an October 11, 2006 proceeding in which a staff psychologist at SCI Fayette testified that his mental condition no longer warranted that he be housed in a single cell. Foskey has attached to his motion portions of a 1993 mental status report which was prepared as a result of an attempted overdose. (Doc 28, unmarked Ex.) He claims that this report was the basis for his being housed in a single cell since his conviction. In addition, he argues that the DOC violated his privacy rights by accessing his psychological records for the purposes of reconsidering his single cell status; he claims further that it is unconstitutional for the jail to change his single-cell status because of his 1993 mental health report. He seeks an order from this court directing that he be placed in single-cell status during the pendency of this litigation.

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether

granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted). With respect to the "irreparable harm" prong of the test, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

Here, Foskey has provided no evidence which would support a finding that he is in danger of any harm – much less harm that is both immediate and irreparable because of the change in his single cell status. In fact, his entire argument concerning irreparable harm is that he had previously been afforded a single cell because of his suicide attempt in 1993 and that the prison staff violated his right to privacy by accessing the mental

health record on which he now relies. Notably absent from Foskey's pleadings and affidavit is any indication of what harm may ensue should he be forced to share a cell with another inmate. The Court is left to infer that Foskey believes he will be at greater risk for attempted suicide should this occur. In support of this argument, however, the Court has before it a thirteen year old report of one attempt at suicide, and nothing else.

Foskey has not alleged, and on this record cannot establish, a likelihood of immediate and irreparable harm. He is not entitled to injunctive relief.

### III. CONCLUSION

It is recommended that the Motion for Temporary Restraining Order and/or for Preliminary Injunction filed by Manie Leigh Foskey, III, be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

```
                                   s/Francis X. Caiazza
                                   FRANCIS X. CAIAZZA
                                   UNITED STATES MAGISTRATE JUDGE
```

Dated:  November 20, 2006

MANIE LEIGH FOSKEY, III CE-0554
SCI Fayette
P.O.Box 9999
LaBelle, PA 15450

All parties of record.