```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANIE LEIGH FOSKEY,            )
                               )
          Plaintiff,           )   Civil Action No. 05-1566
                               )
     v.                        )   Judge Conti
                               )   Magistrate Judge Caiazza
JEFFREY A. BEARD, et al.,      )
                               )
          Defendants.          )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defedants' Motion for Summary Judgment (Doc. 38) be granted.

### II. REPORT

The Plaintiff, Manie Leigh Foskey ("Foskey" or "the Plaintiff"), is a state inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania ("SCI-Fayette"). Foskey commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that prison officials confiscated his copy of a book entitled "One Man Out" on the basis that it is contraband which contains Uniform Commercial Code materials that can be used to file nuisance liens against Department of Corrections employees[1]. Foskey argues that

---

1. For an explanation of the "Redemptionist" philosophy, its use by prisoners to harass prison personnel, and the connection which the book "One Man Out" has to such activities, see Ray v. Williams, 2005 WL 697041 (D.Or. 2005).

the seizure violates his right to due process, his rights under the Eighth and Fourth Amendments, his right to free speech and his right of access to the courts. The Defendants have filed a Motion for Summary Judgment (Doc. 38) and Foskey has responded. (Docs. 45, 46, 49 and 50).

A.   **The Legal Standard**.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Foskey's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial* . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)(emphasis provided).

B.   **The Analysis.**

The Plaintiff's rights under the Due Process Clause in the context of a seizure of property are limited to a claim that no adequate post-deprivation remedy exists. Hudson v. Farmer, 468 U.S. 517, 533 (1984). The Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Corrections'

-2-

grievance procedure "provides an adequate post-deprivation remedy." Durham v. Department of Corrections, 173 Fed.Appx. 154, 157 (3d Cir. 2006). The Plaintiff's due process claim necessarily fails.

Next, the Eighth Amendment has no application here, as it forbids the unnecessary and wanton infliction of pain that is without penological justification. Hope v. Pelzer, 536 U.S. 730, 737-38 (2002). No allegations of physical injury are made in this case.

Likewise, the Fourth Amendment is not implicated by the seizure because its "proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson, 468 U.S. at 526.

The Court now turns to Foskey's First Amendment claim. Although inmates retain certain protections afforded by the First Amendment, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quotations omitted). In Turner v. Safley, 482 U.S. 78 (1987), the Supreme Court stated that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. The reasonableness of government action

impacting a prisoner's constitutional rights is determined by considering the following four factors: (1) whether there is a valid, rational connection between the governmental action and a legitimate governmental interest; (2) whether there are alternative means of exercising the constitutional right that remains open to prison inmates; (3) what impact an accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally; and (4) whether ready alternatives exist for accommodating the prisoners' right at *de minimis* costs to valid penological interests. Id. at 89-90.

The prison's interest in security and its obligation to protect employees from harassment clearly satisfies the first prong of the test. The second prong also weighs in favor of the seizure of the book. In its analysis, a court must consider whether the inmate has any alternative means of exercising his or her First Amendment rights generally, and not whether the inmate has alternative means of engaging in any particular practice. Thornburgh v. Abbott, 490 U.S. 401, 417 (1989)(regulation which permits "broad range" of publications to be received, sent and read satisfies the "alternative means" factor where prisoner receipt of publications is at issue). Indeed, this case is directly analogous to Abbott, since a single book is at issue – and there is no claim that a broad range of publications have

been banned.

Next, it is clear that permitting a prisoner to possess materials which have been used to facilitate illegal activity and the harassment of prison personnel would adversely affect the prison as a whole. Consequently, the third factor weighs in favor of seizure. Finally, Foskey does not suggest a "ready alternative" to banning the publication. Hence, the final <u>Turner</u> factor weighs in favor of seizure. This consideration, parenthetically, may be generic at best because the issue here is clearly drawn – should Foskey have the book or not?

In sum, the balancing required under <u>Turner</u> clearly supports a finding that the seizure of a single book which has been tied to inmate misconduct in other institutions did not violate Foskey's First Amendment rights[2].

Finally, while Foskey does have a constitutional right of access to the courts, he must either attack his conviction, or claim that he has suffered a civil rights violation. That said, Foskey is under an affirmative duty to identify the underlying basis of his action. <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415-17 (2002). The

---

2. Foskey's claim that he has never engaged in such conduct, and does not intend to do so in the future, is, even if true, irrelevant. The constitutionality of a prison regulation does not depend upon a judicial finding that the particular prisoner affected is likely to commit a crime or engage in misconduct. Indeed, the judiciary has been expressly warned that "prison administrators and not the courts are to make the difficult judgments concerning institutional operations." <u>Turner</u>, 482 U.S. at 89.

Plaintiff here alleges only that his sole purpose in accessing the book is to learn about Uniform Commercial Code procedures and protections. This claim is unrelated to his conviction and sentence, and it does not implicate a civil rights claim.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 38) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 22, 2007. Responses to objections are due by July 2, 2007.

June 6, 2007                    _____
                                Francis X. Caiazza
                                United States Magistrate Judge

cc:   Manie Leigh Foskey
      CE-0554
      P.O. Box 9999
      SCI Fayette
      LaBelle, PA 15450-0999

      Counsel of record.