IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MANIE LEIGH FOSKEY, III,      )
                              )
      Plaintiff,              )
                              )
      v.                      )   Civil Action No. 05-1566
                              )   Judge Conti
JEFFERY A. BEARD, et al.,     )   Magistrate Judge Caiazza
                              )
                              )
      Defendants.             )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion for Summary Judgment with respect to the Plaintiff's Fifth Amendment claim (Doc. 38) be granted.

### II. REPORT

Manie Leigh Foskey filed a Complaint pursuant to the provisions of 42 U.S.C. §1983 on November 14, 2005. On June 6, 2007, the undersigned recommended that the Defendants' Motion for Summary Judgment be granted. The Plaintiff filed Objections on June 14, 2007 (Doc. 52) and a Supplement to those Objections on June 28, 2007 (Doc. 53). District Court Judge Joy Flowers Conti adopted the Report and Recommendation on July 3, 2007, but remanded a single issue for a further report and recommendation. Specifically, Judge Conti requested that the Plaintiff's

"arguments under the Fifth and Fourteenth Amendments" be addressed (Doc. 54).

The Court has already ruled that any claim made by the Plaintiff that he was denied Due Process when a book he ordered was seized as contraband fails because the prison provides an "adequate post-deprivation remedy" in the form of the Pennsylvania Department of Corrections ("DOC") grievance procedure. <u>Durham v. Department of Corrections</u>, 173 Fed.Appx. 154, 157 (3d Cir. 2006)(DOC grievance procedure is "adequate remedy" for purposes of Due Process analysis).  The Plaintiff also, however, asserts that he has not been given just compensation for the seized book. In his Objections, the Plaintiff argues that he should have been permitted to "send the book home, or possess it [himself]" and that, absent one of these two options, the state must compensate him for the "taking" under the Fifth Amendment's Takings Clause, as applied to the states through the Fourteenth Amendment. The Plaintiff's claim lacks merit.

In her concurrence in <u>Hudson v. Palmer</u>, Justice O'Connor noted that the holding of personal property until a prisoner's release from confinement is a normal incident of prison life:

> This synthesis of the constitutional protections accorded private property corresponds, I believe, with both common sense and common understanding. When a person is arrested and incarcerated, his personal effects are routinely searched, seized,

> and placed in official custody . . . .  Such
> searches and seizures are necessary both to
> protect the detainee's effects and to maintain the
> security of the detention facility. The effects
> seized are generally inventoried, noticed by
> receipt, and stored for return to the person at
> the time of his release.

Hudson, 468 U.S. 517, 539-540 (1984)(internal citations and quotations omitted).  In this case, that is all Foskey alleged, *i.e.*, that the book has been seized as contraband not permitted in the institution, and that it is being held pending the Plaintiff's release from custody.  Hence, there is no "taking" for which compensation is necessary since the Plaintiff's book will, presumably, be returned to him in the future.

Further, and in any event, Justice O'Connor also made clear that in order to prevail on a damages claim for an alleged deprivation of due process or taking without just compensation, "the claimant must either avail himself of the remedies guaranteed by state law or prove that the remedies are inadequate." Hudson, 468 U.S. at 539. The Defendants assert that the Plaintiff filed a grievance, but failed to pursue it through all levels of review.  The Plaintiff counters that his attempts to pursue the grievance were frustrated by prison officials.  Even assuming that the Plaintiff is correct, and that the grievance procedure may be considered an "inadequate" remedy in this case, he also has available to him a state law tort claim for wrongful seizure of the book. Austin v. Lehman, 893 F.Supp.

448, 454 (E .D. Pa.1995) (both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies). Thus, even if Foskey's book had been destroyed or otherwise permanently removed from the Plaintiff's possession, a claim for denial of compensation is unavailable since the Plaintiff has not attempted to file a state law action for damages. He has also failed to establish that his state law remedy is unavailable or inadequate.

Finally, any claim made for the "taking" in this case would necessarily be limited to the value of the book itself, which the Plaintiff has placed at eighty dollars. (Doc. 1, Ex. A).  A Section 1983 claim premised upon such a nominal amount is frivolous. See, e.g., Deutsch v. U.S., 67 F.3d 1080, 1089-90 (3d Cir. 1995) (to find that a prisoner's claim is frivolous, "a court must be satisfied that the record supports a finding that a reasonable paying litigant would not have filed the same claim after considering the costs of suit"); Teal v. U.S., 2007 WL 542243, *6 (N.D.W.Va. 2007)(tort claim dismissed under IFP statute as frivolous where amount in controversy found to be less than the filing fee).

### III.  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion for

Summary Judgment (Doc. 38) be granted with respect to the Plaintiff's Fifth and Fourteenth Amendment claim.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 23, 2007.


July 6, 2007					s/ Francis X. Caiazza
						Francis X. Caiazza
						United States Magistrate Judge


cc:	Manie Leigh Foskey
	CE-0554
	P.O. Box 9999
	SCI Fayette
	LaBelle, PA 15450-0999

	Counsel of record.